JUDGE HARDIN
delivered the opinion on the court:
As, according to a recent decision of a majority of this court, gold and silver coin alone constitute a lawful tender in the payment of debts contracted to be paid in money, under the laws of this State, the note of the appellees to pay Alexander Riley $431 33J in gold must be regarded as simply an undertaking to pay that sum in money, and nothing more. The plaintiff was not, therefore, entitled to recover anything as damages for the failure to pay the debt in gold, on account of its supposed enhanced value over money which was a legal tender; but under bis prayer for general relief he was *349 entitled to a jugment for the debt and interest, subject to. the credit admitted, which could not have been legally-discharged by the depreciated paper currency paid into court, which the appellant appears to have received, without prejudice to his right to insist on such right of recovei’y as he might manifest in the action.
And as the judgment is in effect that the nominal sum of $500 60, paid into court in the currency known as United States legal tender notes, and which the appellant withdrew as aforesaid, without prejudice to his, rights, was legally a satisfaction of the debt, we are of opinion that the judgment is erroneous and should be reversed.
But before the appellant will be entitled to judgment on the return of the cause, he must be required to restore to the defendants, or repay in court, said nominal sum of $500 60, in such currency as he received it in, with interest thereon from the time he received it.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.